IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MURRAY WALTER PISONY, § § § § § § § § § § § | |
| Plaintiff, | |
| v. | Case No.: 6:17-cv-00055 |
| JAMES A. MCLEOD D/B/A COMMANDO CONSTRUCTION, | |
| | JURY DEMANDED |
| Defendants. | |

**PLAINTIFF MURRAY WALTER PISONY'S ORIGINAL COMPLAINT AGAINST DEFENDANT JAMES A. MCLEOD D/B/A COMMANDO CONSTRUCTION**

TO THE HONORABLE COURT:

**COMES NOW,** Plaintiff MURRAY WALTER PISONY ("PISONY") and files this Original Complaint against Defendant James A. McLeod d/b/a Commando Construction (the "Complaint") and, in support of said Complaint, avers the following:

**I.    PARTIES**

1.    Plaintiff PISONY is an individual residing in Freestone County, Texas.

2.    Defendant JAMES A. MCLEOD D/B/A COMMANDO CONSTRUCTION ("MCLEOD") is an individual who, upon information and belief, resides in Vassar, Manitoba, Canada with a postal address of Box 6, Vassar, Manitoba R0A 2J0 Canada and who may be served with process by and through the Manitoba Department of Justice care of the Director of Civil Legal Services, located at Suite 730 – 405, Broadway, Winnipeg, Manitoba R3C 3L6 Canada, pursuant to the Hague Service Convention.

## II.   JURISDICTION & VENUE

3. This Court has jurisdiction over PISONY's claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 in that such claims arise under an Act of Congress relating to patents and are between a citizen of a State and a citizen of a foreign state.

4. Venue is proper in this district with respect to PISONY's claims pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claims took place in this district and in that Defendant is not a resident of the United States.

## III.   FACTUAL BACKGROUND

5. In October 2004, PISONY and MCLEOD filed a continuation application with the United States Patent and Trademark Office ("USPTO"), seeking to patent "[a]n apparatus for picking, conveying, stacking and bundling lumber pieces from the ground…" as joint inventors.

6. Said continuation patent was granted on January 28, 2008, and issued as U.S. Patent No. 7,320,202 (the "Joint Patent").  A true and correct copy of the Joint Patent is attached hereto as "<u>Exhibit 1</u>" and is incorporated by reference as if fully set forth herein.

7. In June 2005, PISONY filed a non-provisional application with the USPTO to patent "[a]n apparatus for picking up, stacking and bundling lumber," which referenced the Joint Patent as prior art and claimed novel and innovative features separate and apart from those claimed in the Joint Patent.

8. Said non-provisional application was granted on September 22, 2009, and issued as U.S. Patent No. 7,591,629 (the "Pisony Patent").  A true and correct copy of the Pisony Patent is attached hereto as "<u>Exhibit 2</u>" and is incorporated by reference as if fully set forth herein.

9. Since the issuance of the Pisony Patent, PISONY has become aware that MCLEOD, individually and/or doing business as Commando Construction, has manufactured,

used, distributed, sold, and/or offered for sale one or more machines that include elements reading, directly or indirectly, upon one or more claims of the Pisony Patent. By way of illustration, the machine depicted in the images attached hereto as "Exhibit 3," which is incorporated by reference as if fully set forth herein, includes elements that read, directly or indirectly, upon one or more claims of the Pisony Patent.

10. Upon information and belief, MCLEOD has manufactured, used, distributed, sold, and/or offered for sale the machine depicted in Exhibit 3, or machines identical or substantially similar thereto, in various places throughout the United States, including in Texas.

11. By and through his counsel, PISONY sent a cease and desist letter to MCLEOD on or about October 28, 2016, demanding that MCLEOD cease and desist from manufacturing, using, distributing, selling, and/or offering for sale machines containing elements that read upon claims set forth in the Pisony Patent (the "C&D Letter"). A true and correct copy of the C&D Letter is attached hereto as "Exhibit 4" and is incorporated by reference as if fully set forth herein.

12. On or about November 18, 2016, counsel for MCLEOD responded to the C&D Letter, making various factual assertions in contradiction of PISONY's claims (the "C&D Response"). A true and correct copy of the C&D Response is attached hereto as Exhibit 5" and is incorporated by reference as if fully set forth herein.

### IV.  COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,591,629

13. Plaintiff hereby reincorporates paragraphs 1 through 12 above by reference as if set forth fully herein.

14. Plaintiff owns, and is a proper party to sue for infringement of, the Pisony Patent.

15. Upon information and belief, Defendant has manufactured, used, distributed, sold, and/or offered for sale in the United States machines that infringe one or more claims of the Pisony Patent either literally or under the doctrine of equivalents and continues to do so.

16. Specifically, without limitation, Plaintiff asserts that Defendant's machine(s) have previously and presently infringed, either literally or under the doctrine of equivalents, at least Claim 1 of the Pisony Patent. Claim 1 recites:

> An apparatus for picking up, stacking and bundling lumber, comprising:
>
> (a) a chassis,
>
> (b) a grapple carried with the chassis,
>
> (c) a conveyor assembly supported on the chassis,
>
> (d) a stacking assembly operatively connected adjacent the conveyor assembly, the stacking assembly including an unscrambling hopper, a row conveyor, a stacking bin and a bundling assembly, and,
>
> (e) a discharge platform operatively connected adjacent the bundling assembly, wherein the conveyor assembly includes a frame, a pivotal connection for the frame to permit angular adjustment of the frame relative to the chassis, an extendible mast connected between the frame and the chassis to drive the frame about the pivotal connection and a receiving bin and a conveyor carried on the frame, the conveyor positioned between the receiving bin and the stacking assembly and being operable to move lumber from the receiving bin to the stacking assembly and the mast being operable to drive adjustment of the angle of the frame relative to the chassis to select the approach angle for the conveyor relative to the stacking assembly.

17.     Defendant's machine(s) include, *inter alia*, a chassis, a grapple carried with the chassis, a conveyor assembly supported on the chassis, and a stacking assembly operatively connected adjacent the conveyor assembly; wherein the stacking assembly includes an unscrambling hopper, a row conveyor, a stacking bin, and a bundling assembly; and a discharge platform operatively connected adjacent the bundling assembly.

18.     The conveyor assembly on Defendant's machine(s) include, *inter alia*, a frame, a pivotal connection on the frame to permit angular adjustment of the frame relative to the chassis of the machine(s), an extendible mast connected between the frame and the chassis to drive the frame about the pivotal connection, and a receiving bin and conveyor carried on the frame.  The conveyor is positioned between the receiving bin and the stacking assembly and moves lumber from the receiving bin to the stacking assembly.  The pivotal connection is comprised of a bolted hinge connection on both ends of a hydraulic cylinder, wherein one end of the hydraulic cylinder is connected to the conveyor assembly frame and the other end of the hydraulic cylinder is connected to the chassis.  The hydraulic cylinders on Defendant's machine(s) are extendible masts, which are operable to drive adjustment of the angle of the frame relative to the chassis to select the approach angle for the conveyor relative to the stacking assembly.

19.     Plaintiff further asserts, without limitation, that Defendant's machine(s) have previously and presently infringed, either literally or under the doctrine of equivalents, Claims 2-7 of the Pisony Patent in that Defendant's machine(s) incorporate a mast that drives the spacing between the frame and the chassis; a stacking assembly which includes a pivotal connection between the frame and stacking assembly, wherein said pivotal connection incorporates a mast for tilting the stacking assembly relative to the chassis; and a mast including a hydraulic cylinder to telescope

to different links, wherein said mast includes an inner mast mounted to the chassis and an outer mast being pivotally connected to the frame.

20. Plaintiff further asserts, without limitation, that Defendant's machine(s) have previously and presently infringed, either literally or under the doctrine of equivalents, Claim 8 of the Pisony Patent—which claims, *inter alia*, "a discharge platform operatively connected adjacent the bundling assembly, wherein the unscrambling hopper includes a front wall adjacent the conveyor assembly, a back wall opposite the front wall, a first side wall extending between the front wall and the back wall along which a lumber elevating assembly operates, a second side wall extending between the front wall and the back wall and spaced from the first side wall, a bottom, an adjustable front panel positioned adjacent the front wall in an open space defined between the front wall and the back wall and moveable towards and away from the front wall to adjust the length of the open space and an adjustable back panel positioned adjacent the back wall in the open space and moveable towards and away from the back wall to adjust the length of the open space"—in that Defendant's machine(s) incorporate a discharge platform that is connected adjacent to the bundling assembly with an unscrambling hopper with four walls with one or more movable panels to adjust the length of the open space within the unscrambling hopper.

21. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

22. Upon information and belief, Defendant has known and been aware of the Pisony Patent at some or all of the times during which Defendant manufactured, used, distributed, sold, and/or offered for sale Defendant's infringing machines in the United States and, as such, has knowingly, willfully, and intentionally infringed the Pisony Patent.

23. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. Defendant's infringement of Plaintiff's rights under the Pisony Patent will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, unless enjoined by this Court.

## V.     JURY DEMAND

25. Plaintiff demands a trial by jury on all issues.

## VI.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff MURRAY WALTER PISONY prays that this Court enter judgment in his favor against Defendant JAMES A. MCLEOD D/B/A COMMANDO CONSTRUCTION, awarding Plaintiff his actual damages in an amount to be determined at trial, pre- and post-judgment interest at the highest rate permitted at law, and his costs of court and reasonable attorneys' fees. Plaintiff prays for such further relief, at law or in equity, to which he may show himself entitled.

**DATED:** March 2, 2017

Respectfully submitted,
**WILSON LEGALGROUP P.C.**

By:     /s/John T. Wilson
John T. Wilson, Texas Bar No. 24008284
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wilsonlegalgroup.com

**ATTORNEYS FOR PLAINTIFF
MURRAY WALTER PISONY**