FILED

JAN 1 8 2018

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
　　　　　　　　　　　DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MURRAY WALTER PISONY,<br>*Plaintiff,*<br><br>v.<br><br>JAMES A. MCLEOD D/B/A COMMANDO CONSTRUCTION, and COMMANDO CONSTRUCTION, INC.<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civ. A. No. 6:17-cv-00055-RP-JCM<br><br>**JURY TRIAL DEMANDED** |

## SCHEDULING ORDER

Pursuant to Rules 26 and 16 of the Federal Rules of Civil Procedure, and in compliance with Local Civil Rule CV-16, the parties submit the following Proposed Scheduling Order to the Court:

1. Each party shall each complete and file the "Notice Concerning Reference to United States Magistrate Judge" on or before January 5, 2018.

2. The parties shall submit initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) on or before January 31, 2018.

3. On or before March 9, 2018, plaintiff will provide defendants with preliminary infringement contentions identifying each claim of the each patent in suit that is allegedly infringed by defendant. The preliminary infringement contentions shall also identify each accused apparatus, product, device, method, or act ("Accused Instrumentality") of which the plaintiff is aware, and shall include a chart identifying where and how each limitation of each asserted claim is found

within each Accused Instrumentality. The Patent Disclosures shall include: (1) A copy of the file history for each patent in suit; and (2) identification of all non-U.S. patents claiming a common priority with any patent asserted in the case. In the event that Plaintiff chooses to assert an invention date earlier than the date of application for the asserted patent, Plaintiff will simultaneously produce all documents evidencing the conception, reduction to practice, design, and development of each claimed invention which were created on or before the date of application for the patent.

    4. On or before April 9, 2018, defendants will provide plaintiff with preliminary invalidity contentions identifying all asserted bases for invalidity as well as a copy of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. The preliminary invalidity contentions shall also identify any grounds of invalidity based on 35 U.S.C. § 101 or indefiniteness, enablement, or written description under 35 U.S.C. § 112, and also include a chart identifying where in each item of prior art each limitation of each asserted claim is found. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

    5. A party may only amend or modify its contentions after one of the following occurrences in the case:

    a. In light of a claim construction ruling by the Court; Recent discovery of material, prior art despite earlier diligent search;

    b. Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions; and

      c. In response to an amendment or modification made by another party in response to one of the occurrences provided in subsections a through c above.

Any such amendment must be filed no later than 30 days after one of the occurrences outlined in subsections a though d above.

6. On or before May 4, 2018, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense shall produce (a) the opinion and any other documents relating to the opinion as to which that party agrees the attorney-client or work product protection has been waived; and (b) a privilege log identifying any other documents relating to the opinion that the party is withholding on the grounds of attorney-client privilege or work product protection, except those authored by counsel acting solely as trial counsel. A party opposing a claim of patent infringement who does not comply with this production requirement shall not be permitted to rely on an opinion of counsel as part of its defense.

7. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before May 6, 2018.

8. To the extent claim construction is necessary in this case, the following schedule will apply:

      a. Each Party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court, and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6): April 30, 2018

      b. Parties simultaneously exchange proposed constructions, including identification of supporting intrinsic and extrinsic evidence and identifying any

      witness, including expert witnesses the parties anticipate may testify in support of the proffering party's claim construction:   May 21, 2018

  c. The parties shall thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement.

  d. On or before June 11, 2018, the parties shall complete and file a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

    a. The construction of those claim terms, phrases, or clauses on which the parties agree;

    b. Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

    c. The anticipated length of time necessary for the Claim Construction Hearing;

    d. Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such

        witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

    e. A list of any other issues which might appropriately be taken up at a prehearing conference prior to the Claim Construction Hearing, and proposed dates, if not previously set, for any such prehearing conference.

    e. Claim construction discovery closes: June 29, 2018

    f. Parties simultaneously file Opening Claim Construction Briefs with supporting evidence, including any declaration of expert witnesses in support of its claim construction. The Opening Brief shall address all disputed terms, including those terms for which the briefing party contends that no construction is necessary: July 20, 2018.

    g. Parties concurrently file Responsive Claim Construction Briefs, including any declaration of expert witnesses in support of its claim construction. The Responsive Brief shall address all disputed terms, including those terms for which the briefing party contends that no construction is necessary: August 10, 2018.

    h. Claim construction hearing: [date set at the Court's discretion]

9. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before October 1, 2018.

10. The parties shall complete all fact discovery on or before November 10, 2018.

11. All parties bearing the burden of proof on their claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by

Federal Rule of Civil Procedure 26(a)(2)(B) on or before November 21, 2018. The parties shall file their designation of rebuttal testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before December 21, 2018.

12. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **eleven (11)** days from the receipt of the written report of the expert's proposed testimony, or within **eleven (11)** days from the completion of the expert's deposition, if a deposition is taken, whichever is later.

13. The Parties shall complete all expert discovery on or before January 18, 2019.

14. All dispositive motions shall be filed on or before February 8, 2019 and shall be limited to 20 pages. Responses shall be filed and served on all other parties not later than 14 days of the service of the motion and shall be limited to 20 pages. Any replies shall be filed and served on all other parties not later than 14 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

15. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before February 27, 2019, and each opposing party shall respond, in writing, within 30 days of receipt of such written offer, or on or before March 27, 2019, whichever is earlier All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the trial.

16. This case is set for final pretrial conference, in chambers, on _at a later date_ at _____ and _Jury_ trial commencing _at 9am on 6/17_, 20_19_. The final pretrial conference shall be attended

by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference.

With the exception of the dispositive motion deadline and the dates set for the final pretrial conference and trial, upon agreement of the parties and submission of an agreed motion, the deadlines set forth herein may be extended by Order of this Court. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

SIGNED this 18th day of Jan, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE