**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

FILED

JAN 30 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

MURRAY WALTER PISONY,

      *Plaintiff/Counterclaim*
      *Defendant,*

v.

COMMANDO CONSTRUCTION, INC.

      *Defendant/Counterclaim*
      *Plaintiff.*

Case No.:  6:17-cv-00055 RP-JCM

JURY DEMAND

## ORDER CONCERNING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

The Court ORDERS as follows:

1.      This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1. This order may be modified in the court's discretion or by agreement of the parties.

2.      A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

3.      The parties agree that all electronic documents produced by each party shall include, to the extent available, the following metadata: Production Begin Bates, Production End Bates, Bates End Family, Bates Begin Family, Author, Date Created, Date Last Modified, Date Received, Date Sent, File Name, Email Subject, Email To, Email From, Email CC, Email BCC, Folder Path, File Size, MD5 Hash, Document Extension, Custodian, OCR_PATH, and FILE_PATH.

4.    Absent other agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A.  General Document Image Format. Each black and white document shall be produced in single-page 300 dpi group IV (1 bit) Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

    B.  Text-Searchable Documents. The parties agree to produce all electronic documents with load files that are comprised of searchable text files to the extent possible, not including handwriting and other non-OCR readable text, graphics or markings.

    C.  Color Documents and Photos:  Color documents and photos shall be produced as single page JPG files.

    D.  Footer. Each document image shall contain a footer with a sequentially ascending production number. Responsive documents in TIFF format shall be stamped with the appropriate confidentiality designation in the footer in accordance with the Confidentiality and Protective Order in this matter. Each responsive document produced in native format shall have its confidentiality designation identified in the filename of the native file. Confidentiality designations shall be included in the metadata fields provided in the load files.

E.  Native Files. The parties agree to produce electronic files such as Microsoft Excel, audio, or video files, in native format with all available metadata.  All native files must have a corresponding image placeholder with a corresponding bates number.

F.  No Backup Restoration Required.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

G.  **Scope of ESI Preservation**. The parties agree that the following categories of ESI will not be discoverable or subject to retention or preservation, given the disproportionate cost of retaining, maintaining, searching and reviewing the categories in comparison to the information contained therein:

   1) Employee SMS or "text" messages;

   2) Telephone voice messages;

   3) Employee electronic calendar entries;

   4) "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

   5) random access memory (RAM) or other ephemeral data;

   6) on-line access data such as temporary internet files, history, cache, cookies, etc.;

   7) data in metadata fields that are frequently updated automatically, such as last opened dates;

8) backup data that is substantially duplicative of data that is more accessible elsewhere; and

9) other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

H. **Producing Electronic Mail.** Electronic mail shall be produced along with attachments to the extent the message and/or any attachment is responsive, relevant and not privileged.

I. **Duplicates.** The parties are not obligated to produce duplicates of the same electronic document or electronic mail file so long as the metadata is the same.

5.   Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

6.   Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

SIGNED this 30th day of Jan , 2018.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE