IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| MURRAY WALTER PISONY, § | | |
| *Plaintiff,* § | | Civ. A. No. 6:17-cv-00055-RP-JCM |
| § | | |
| v. § | | |
| § | | |
| COMMANDO CONSTRUCTION, INC. and § | | JURY DEMANDED |
| JAMES MCLEOD HOLDINGS INC. § | | |
| *Defendants.* § | | |
| § | | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to the Court's Scheduling Order, Plaintiff Murray Walter Pisony ("Plaintiff") and Defendant Commando Construction, Inc. ("Defendant" or "CCI") (collectively the "parties") hereby submit their Joint Claim Construction and Prehearing Statement regarding United States Patent No. 7,591,629 (the "'629 Patent" or "patent-in-suit"). Though James McLeod Holdings Inc. has been brought in as a defendant in the instant suit, it has not yet answered. The parties do not believe the addition of this entity will affect claim construction in any way.

**A. Each Party's Proposed Construction of Each Disputed Claim Term**

Following the conference of counsel in an attempt to narrow the claim construction issues before the Court, the remaining terms in dispute are as follows:

| Claim term, phrase or clause | Claim number | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| "extendible mast" | Claim 1 | "A structural support member capable of raising and lowering" | "a vertical pole or similar structure that can increase in length" |
| "the conveyor assembly includes … *a pivotal* | Claim 1 | Plain and ordinary meaning.<br><br>In the alternative only, Plaintiff contends that this | "the conveyor assembly frame includes a pivot that allows the angle between the conveyor assembly |

| | | | |
|---|---|---|---|
| *connection for the frame to permit angular adjustment of the frame relative to the chassis"* | | phrase should be accorded the meaning that would have been understood by one of ordinary skill in the art at the time of the invention, which is: "a connection that permits angular movement of the frame relative to the chassis" | frame and the chassis to change" |
| "mast includes a hydraulic cylinder drivable to telescope to various lengths" | Claim 6 | Plain and ordinary meaning.<br><br>In the alternative only, Plaintiff contends that this phrase should be accorded the meaning that would have been understood by one of ordinary skill in the art at the time of the invention, which is: "mast incorporates a hydraulic cylinder drivable to telescope to various lengths." | "a hydraulic cylinder within the extendable mast causes the extendable mast to vary in length in a telescoping manner (i.e., overlapping sections slide in and out from one another)" |

The parties have attached charts hereto as Exhibit A and Exhibit B that show each party's proposed construction of each disputed claim term, phrase, or clause, together with the intrinsic and extrinsic evidence on which each party intends to rely to support its proposed constructions.

Where intrinsic and extrinsic citations have been made for a particular claim term, phrase, or clause they should be understood as applicable to each other instance where the same term, phrase, or clause appears elsewhere. Each party reserves the right to rely on any intrinsic or extrinsic evidence identified by the other party.

B.   **Anticipated Length of Time Necessary for Claim Construction Hearing**

The parties anticipate that they will need approximately 2 hours, split equally between Plaintiff and CCI, for presentation relating to the disputed claim terms. The parties believe that the presentation of the disputed claim terms should be on a term-by term basis.

### C. Witness Testimony at Claim Construction Hearing

Plaintiff reserves the right to call its expert, Dr. Jahan Rasty in support of Plaintiff's proposed claim constructions and to respond to any claim construction positions or arguments offered by CCI. Plaintiff also may submit a declaration of Dr. Rasty at the time it files its opening and/or responsive claim construction briefing. Plaintiff anticipates that the substance of Dr. Rasty's testimony and/or declaration may include the following: 1) that the terms, clauses and/or phrases in '629 Patent that the parties have proposed for construction based on the intrinsic and extrinsic evidence provided by the parties should either be construed as Plaintiff has proposed or that no construction is necessary where Plaintiff has proposed plain and ordinary meaning; 2) the level of ordinary skill in the art relating to the invention of the '629 Patent; 3) the common knowledge of one of ordinary skill in the art at the time the '629 Patent was filed; and 4) a summary of the subject matter of the patent-in-suit. Dr. Rasty may also provide expert testimony and/or declaration to rebut any arguments made by CCI and/or its expert(s) regarding claim construction. A copy of Dr. Rasty's curriculum vitae is attached hereto as <u>Exhibit C</u>.

CCI may call its expert, Dr. Richard H. Crawford, to testify at the claim construction hearing regarding CCI's proposed claim constructions and to respond to Plaintiff's proposed claim constructions and arguments in support thereof. CCI anticipates submitting a declaration from Mr. Crawford in support of CCI's opening and responsive claim construction briefs. Mr. Crawford will testify and/or provide a declaration regarding the meanings of the claim terms identified above. He will also provide testimony regarding the level of ordinary skill in the art relating to the subject matter of the '629 patent. He is also expected to testify regarding the disclosure of the '629 patent, the meaning of each claim term as it would be understood by a person of ordinary skill in the art, based on the disclosures of the '629 patent and other related patents, the way the term is used in the context of the claim language as a whole, and the prosecution histories for the '629 patent and

related patents. Dr. Crawford may also provide testimony regarding Plaintiff's proposed constructions, why Plaintiff's proposed constructions are unsupported by and contradict the specification and prosecution history, and how Plaintiff's proposed constructions, if adopted, would ensnare the prior art and render the '629 patent invalid. Dr. Crawford's curriculum vitae is attached hereto as <u>Exhibit D</u>.

   **D.**  **Other Issues for a Prehearing Conference Prior to the Claim Construction Hearing**

The parties request a prehearing conference to discuss the scheduling of the Claim Construction Hearing. The parties have conferred and both are available at the Court's convenience from September 11 to September 28 for a Claim Construction Hearing. At this time, the parties are unaware of any other issues that would be appropriate for a prehearing conference.

**DATED**:  June 11, 2018       Respectfully submitted,

| WILSON LEGAL GROUP P.C. | HUSCH BLACKWELL LLP |
|---|---|
| By: */s/ John T. Wilson* | By: */s/ Daisy Manning* |
|  John T. Wilson |  Rudolph A. Telscher, Jr. |
|  State Bar No. 24008284 |  rudy.telscher@huschblackwell.com |
|  Jennifer M. Rynell |  Daisy Manning |
|  State Bar No. 24033025 |  daisy.manning@huschblackwell.com |
|  Leigh Caudle Whitaker |  Michael R. Annis |
|  State Bar No. 24094260 |  mike.annis@huschblackwell.com |
|  16610 Dallas Parkway, Suite 1000 |  Shannon D. Peters |
|  Dallas, Texas 75248 |  shannon.peters@huschblackwell.com |
|  (T) 972.248.8080 |  Erin D. Knese |
|  (F) 972.248.8088 |  erin.knese@huschblackwell.com |
|  (E) eservice@wilsonlegalgroup.com |  HUSCH BLACKWELL LLP |
| |  190 Carondelet Plaza, Suite 600 |
| **Attorneys for Plaintiff Murray Pisony** |  St. Louis, Missouri 63105 |
| |  (T) 314-480-1500 |
| |  (F) 314-480-1505 |

>
> Albert Carrion
> albert.carrion@huschblackwell.com
> HUSCH BLACKWELL LLP
> 111 Congress Ave.
> Austin, TX 78701
> (T) 512-472-5456
> Fax: 512-479-1101
>
> **Attorneys for Defendant Commando Construction, Inc.**

## CERTIFICATE OF SERVICE

On June 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by the Federal Rules of Civil Procedure.

>
> */s/ John T. Wilson*
> John T. Wilson