

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/160,060 | 06/07/2005 | Murray Walter Pisony | 53602-6 | 1059 |

23971       7590       01/15/2009
BENNETT JONES LLP
C/O MS ROSEANN CALDWELL
4500 BANKERS HALL EAST
855 - 2ND STREET, SW
CALGARY, AB T2P 4K7
CANADA

| EXAMINER |
|---|
| ADAMS, GREGORY W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 01/15/2009 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

EXHIBIT L

PISONY006831

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/160,060 | PISONY, MURRAY WALTER |
|  | Examiner | Art Unit |
|  | GREGORY W. ADAMS | 3652 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>09 December 2008</u>.
2a) ☐ This action is **FINAL**.       2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4) ☒ Claim(s) <u>1,3,4,6-9 and 23-41</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☒ Claim(s) <u>26-38</u> is/are allowed.
6) ☒ Claim(s) <u>1,3,4,6-9,23-25 and 39-41</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a)☐ All   b)☐ Some * c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**
1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 11/160,060                                                                Page 2
Art Unit: 3652

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Claims 1, 3-4, 6-9, 23-25 & 39-41 are rejected under 35 U.S.C. 103(a) as being unpatentable over McLeod et al. (CA 2315046) (previously cited) in view of Dika (US 4,947,904) (previously cited).

With respect to claims 1, 3-4, 6 & 25, McLeod discloses an apparatus comprising:

(a) a vehicle drive means pulling a trailer,

(b) a receiving bin and a conveyor 15,

(c) operatively connected to a conveyor assembly, is a unscrambling hopper 18, row conveyor 19, stacking bin 20 and bundling assembly 21,

(d) a discharge platform 22, and

(e ) a storage area 22, 106;

(f) a grapple assembly (P13/L2-8).

Although McLeod et al. do not explicitly disclose 22, 106 as a storage area, depending on bundle length and/or lumber length/size conveyor 22, 106 can support multiple bundles until picked by grapple. And, a skilled artisan would understand that should conveyor 106 fail a grapple would be an obvious variant in moving a bundle.

Application/Control Number: 11/160,060 Page 3
Art Unit: 3652

Although McLeod et al. does not explicitly disclose a grapple arm and pivotal fingers, McLeod et al. teaches that a "grapple which lifts the pieces from a large pile" is a well known replacement for a picking and conveyor assembly 16. Page 13, lines 2-8. Dika discloses an apparatus that gathers bolts or logs and stacks them using (e) a grapple assembly including an arm 3 extending upwardly from an apparatus 2 and a grapple on an outboard end of an arm, a grapple including at least two fingers 9 sized and connected by a pivotal connection (generally indicated by FIG. 11: 8) allowing fingers 9 to be opened and closed to pick up lumber pieces therebetween and an arm being pivotally moveable to deposit lumber pieces into a receiving area 7.  Dika teaches that grapples (known as "knuckle boom log loader") are "adapted to reach out and grasp one or more of the tree stems by their butt ends and drag them inwardly". C2/L65-C3/L5. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the grapple of McLeod et al. to include an arm and fingers, as per the teachings of Dika, as is well known in the art of lumber gathering and stacking.

With respect to claim 7, McLeod discloses a means (P14/L10-25) of raising and lowering a conveyor assembly.

With respect to claim 8, McLeod discloses a pivoting arrangement (P25/L1-6) for tilting a stacking assembly relative to a chassis of an apparatus to provide for substantial leveling of the stacking assembly when operating on uneven ground surfaces.

Application/Control Number: 11/160,060 Page 4
Art Unit: 3652

With respect to claims 9 & 39-41, McLeod discloses a method of picking up, stacking and bundling lumber, comprising:

(a) providing an apparatus that comprises:

(i) a conveyor assembly that comprises a receiving bin 16 and a conveyor 15;

(ii) a stacking assembly that comprises an unscrambling hopper 18, a row conveyor 19, a stacking bin 20 and a bundling assembly 21;

(iii) a discharge platform 22,

(vi) a storage area 22, 106;

(v) a grapple assembly 28,

(b) picking up loose lumber with a grapple and depositing it into a receiving bin,

(c) conveying loose lumber along a conveyor to a stacking assembly, where lumber is stacked and bundled into a bundle of lumber and deposited onto a discharge platform,

Although McLeod et al. do not explicitly disclose 22, 106 as a storage area, depending on bundle length and/or lumber length/size conveyor 22, 106 can support multiple bundles until picked by grapple. And, a skilled artisan would understand that should conveyor 106 fail a grapple would be an obvious variant in operating a grapple to pick a bundle from a discharge and transfer said bundle to a storage area. Moreover, McLeod et al. discloses attaching an apparatus to a trailer which are well known to have platforms for a myriad of uses, one of which a skilled artisan would understand to function as a convenient storage area.

Application/Control Number: 11/160,060                                                                                    Page 5
Art Unit: 3652

Although McLeod et al. does not explicitly disclose providing a grapple arm and pivotal fingers, McLeod et al. teaches that a "grapple which lifts the pieces from a large pile" is a well known replacement for picking and conveyor assembly 16. Page 13, lines 2-8. Dika discloses a method step including providing a grapple that gathers bolts or logs and stacks them using (e) a grapple assembly including an arm 3 extending upwardly from an apparatus 2 and a grapple on an outboard end of an arm, a grapple including at least two fingers 9 sized and connected by a pivotal connection (generally indicated by FIG. 11: 8) allowing fingers 9 to be opened and closed to pick up lumber pieces therebetween and an arm being pivotally moveable to deposit lumber pieces into a receiving area 7.  Dika teaches that grapples (known as "knuckle boom log loader") are "adapted to reach out and grasp one or more of the tree stems by their butt ends and drag them inwardly". C2/L65-C3/L5. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify providing a grapple as disclosed in the method of McLeod et al. to include providing a grapple assembly including an arm and pivotally connected fingers, as per the teachings of Dika, as is well known in the art of lumber gathering and stacking.

With respect to claim 23, McLeod discloses a grapple and does not disclose 360 degrees.  Dika an arm pivotally mounted to rotate about a substantially vertical axis on an apparatus about 360 degrees.

With respect to claim 24, McLeod does not disclose a first length and a second length. Dika discloses an arm that includes a first length including a first end mounted for lateral extension from an apparatus and an opposite end and a second length

Application/Control Number: 11/160,060                                                              Page 6
Art Unit: 3652

pivotally connected to an opposite end for further lateral reach by an arm, a second length defining an outboard end to which a grapple is connected. (See FIG. 10 reproduced below.) Dika teaches that grapples (known as "knuckle boom log loader") are "adapted to reach out and grasp one or more of the tree stems by their butt ends and drag them inwardly". C2/L65-C3/L5. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the grapple of McLeod et al. to include first and second lengths, as per the teachings of Dika, as is well known in the art of lumber gathering and stacking.



### Allowable Subject Matter

Claims 26-38 are allowed. The following is a statement of reasons for the indication of allowable subject matter: See Applicants arguments filed Dec. 9, 2008 and

Application/Control Number: 11/160,060 Page 7
Art Unit: 3652

accompanying description in the specification at paras. [84-86] (claims 26-32) and paras. [62-63] (claims 33-38).

### *Response to Arguments*

Applicant's arguments filed Dec. 9, 2008 with respect to claims 1 & 9 have been fully considered but they are not persuasive. As noted within the text of the rejection above a storage area can be anything depending on size of bundle, size of lumber size of stacker etc. which a skilled artisan would know as merely a design choice.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to GREGORY W. ADAMS whose telephone number is (571)272-8101. The examiner can normally be reached on M-Th, 8:30am-5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Saul Rodriguez can be reached on (571) 272-7097. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/160,060 Page 8
Art Unit: 3652

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Gregory W Adams/
Primary Examiner, Art Unit 3652

PISONY006839