

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/539,740 | 08/12/2009 | MURRAY WALTER PISONY | 53602-10 | 9922 |

23971  7590  06/14/2010
BENNETT JONES LLP
C/O MS ROSEANN CALDWELL
4500 BANKERS HALL EAST
855 - 2ND STREET, SW
CALGARY, AB T2P 4K7
CANADA

| EXAMINER |
|---|
| ADAMS, GREGORY W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3652 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/14/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

EXHIBIT O

CCI0000794

| Office Action Summary | Application No. | Applicant(s) |
|---|---|---|
| | 12/539,740 | PISONY, MURRAY WALTER |
| | Examiner | Art Unit |
| | GREGORY W. ADAMS | 3652 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on _____.
2a) ☐ This action is **FINAL**.     2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1,3,4,6-9 and 12-28</u> is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) <u>1,3,4,6-9 and 12-28</u> is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date <u>8/12/09; 8/12/09</u>.
4) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

Application/Control Number: 12/539,740 Page 2
Art Unit: 3652

### Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

With respect to claim 7, Applicant asserts that the claim element "means of" is a means (or step) plus function limitation that invokes 35 U.S.C. 112, sixth paragraph. However, it is unclear whether the claim element is a means (or step) plus function limitation that invokes 35 U.S.C. 112, sixth paragraph, because means of is not equivalent to --means for--. If applicant wishes to have the claim limitation treated under 35 U.S.C. 112, sixth paragraph, applicant is required to:

(a) Amend the claim to include the phrase "means for" or "step for" in accordance with these guidelines: the phrase "means for" or "step for" must be modified by functional language and the phrase must **not** be modified by sufficient structure, material, or acts for performing the claimed function; or

(b) Show that the claim limitation is written as a function to be performed and the claim does **not** recite sufficient structure, material, or acts for performing the claimed function which would preclude application of 35 U.S.C. 112, sixth paragraph. For more information, see MPEP § 2181.

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

Application/Control Number: 12/539,740 Page 3
Art Unit: 3652

Claims 1, 3-4, 6, 7-9, 12-14, 16 & 23-28 are rejected under 35 U.S.C. 103(a) as being unpatentable over McLeod et al. (CA 2 315 046 A1) (previously cited; see US 2005/0132667 for translation) in view of Dika (US 4,947,904) (previously cited), Larva (US 3,414,027) and Theurer (US 5,904,098). It is noted that where means-plus-function limitations are recited an appropriate equivalent has been interpreted. Thus, a prima facie interpretation has been made.

With respect to claims 1, 3-4, 6, 9, 12-14 & 23-28, McLeod discloses-

(a) a drive means pulling a trailer,

(b) a conveyor assembly that comprises a receiving bin and a conveyor 15,

(c) a stacking assembly operatively connected to a conveyor assembly, and that comprises an unscrambling hopper 18, a row conveyor 19, a stacking bin 20 and a bundling assembly 21,

(d) a discharge platform 22,

(e) a storage area 22, 106 connected alongside a stacking assembly and sized to accommodate and carry on an apparatus several bundles of lumber in side by side relation, and

(f) a grapple assembly (P13/L-2-8).

Although McLeod et al. do not explicitly disclose 22, 106 as a storage area, depending on bundle length and/or lumber length/size conveyor 22, 106 can support multiple bundles until picked by grapple. And, a skilled artisan would

CCI0000797

Application/Control Number: 12/539,740 Page 4
Art Unit: 3652

understand that should conveyor 106 fail a grapple would be an obvious variant in moving a bundle.

Although McLeod et al. does not explicitly disclose a grapple arm and pivotal fingers, McLeod et al. teaches that a "grapple which lifts the pieces from a large pile" is a well known replacement for a picking and conveyor assembly 16. Page 13, lines 2-8. Dika discloses an apparatus that gathers bolts or logs and stacks them using (e) a grapple assembly including an arm 3 extending upwardly from an apparatus 2 and a grapple on an outboard end of an arm, a grapple including at least two fingers 9 sized and connected by a pivotal connection (generally indicated by FIG. 11: 8) allowing fingers 9 to be opened and closed to pick up lumber pieces therebetween and an arm being pivotally moveable to deposit lumber pieces into a receiving area 7. Dika teaches that grapples (known as "knuckle boom log loader") are "adapted to reach out and grasp one or more of the tree stems by their butt ends and drag them inwardly". C2/L65-C3/L5. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the grapple of McLeod et al. to include an arm and fingers, as per the teachings of Dika, as is well known in the art of lumber gathering and stacking.

With respect to a grapple arm that can both deposit articles on a conveyor (as taught by McLeod) and lift a finished stack from a discharge area Larva discloses an arm with a grapple with a reach between both a deposit area 25 and a finished area 40. Thus, Larva teaches grapple assembly can be modified in size between two areas. And, it would have been obvious to one having ordinary

CCI0000798

Application/Control Number: 12/539,740 Page 5
Art Unit: 3652

skill in the art at the time the invention was made to modify to increase arm length of McLeod to allow for both placing articles on a conveyor and picking finsihed stacks, since such a modification in length/size is made obvious under the teachings of Larva's dual location grapple.

Theurer et al. discloses an arm and grapple that can reposition stacks. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the apparatus of McLeod to include a grapple that can grip a stack, as per the teachings of Theurer, during tie movement which allows for temporary storage.

With respect to claim 7, McLeod discloses a means (P14/L10-25) of raising and lowering a conveyor assembly.

With respect to claims 8 & 16, McLeod discloses a pivoting arrangement (P25/L1-6) for tilting a stacking assembly relative to a chassis of an apparatus to provide for substantial leveling of the stacking assembly when operating on uneven ground surfaces.

Claim 15 is rejected under 35 U.S.C. 103(a) as being unpatentable over McLeod et al. in view of Dika, Larva and Theurer and further in view of McWilliams (US 3,651,963) which discloses a mast assembly 64 or raising and lowering a conveyor assembly 40. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the apparatus of McLeod to include McWilliams mast assembly which improves article placement in a vehicle. C1.

CCI0000799

Application/Control Number: 12/539,740  Page 6
Art Unit: 3652

Claims 17-22 are rejected under 35 U.S.C. 103(a) as being unpatentable over McLeod et al. in view of Dika, Larva and Theurer and further in view of Wilson (US 4,111,312) which includes means 37 for adjusting a hopper length and means 28 for adjusting a bin width. Therefore, it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the apparatus of McLeod to include means for adjusting a hopper length and means for adjusting a bin width, as per the teachings of Wilson, which improves on stacking performance by creating tighter stacks.

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. A nonstatutory obviousness-type double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).
 A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent either is shown to be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement.
 Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

Claims 1, 3-4, 6-9, 12-16 & 23-28 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over

Application/Control Number: 12/539,740 Page 7
Art Unit: 3652

claims 1-13 of U.S. Patent No. 7,591,629. Although the conflicting claims are not identical, they are not patentably distinct from each other.

Claims 17-22 are rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claim1-13 of U.S. Patent No. 7,591,626 in view of US 4,111,312 to Wilson. Wilson teaches that it would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the unscrambling hopper length and stacking bin width to create tighter stacks.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the examiner should be directed to GREGORY W. ADAMS whose telephone number is (571)272-8101. The examiner can normally be reached on M-Th, 8:30am-5pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Saul Rodriguez can be reached on (571) 272-7097. The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

CCI0000801

Application/Control Number: 12/539,740 Page 8
Art Unit: 3652

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

/Gregory W Adams/
Primary Examiner, Art Unit 3652

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 12/539,740 | PISONY, MURRAY WALTER |
| | | Examiner | Art Unit | |
| | | GREGORY W. ADAMS | 3652 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-3,414,027 A | 12-1968 | LARVA SR WILBERT J et al. | 83/94 |
| * | B | US-3,552,546 A | 01-1971 | Rath, James D. | 198/306 |
| * | C | US-3,651,963 A | 03-1972 | McWilliams, Joseph E. | 414/789.8 |
| * | D | US-4,111,312 A | 09-1978 | Wilson, Leslie Henry | 414/789.1 |
| * | E | US-4,258,762 A | 03-1981 | Belanger, Donald | 144/24.13 |
| * | F | US-5,490,755 A | 02-1996 | Billotte, Keith W. | 414/550 |
| * | G | US-5,904,098 A | 05-1999 | Theurer et al. | 104/2 |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)      Notice of References Cited      Part of Paper No. 20100610