IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MURRAY WALTER PISONY,<br><br>*Plaintiff,*<br><br>v.<br><br>COMMANDO CONSTRUCTION, INC.<br>and JAMES MCLEOD HOLDINGS, INC.,<br><br>*Defendants.* | Case No.:  6:17-cv-00055-ADA |

**JOINT MOTION FOR EXTENSION
OF CERTAIN DEADLINES**

In light of the growing public-health emergency relating to the COVID-19 virus, the parties request the extension of certain deadlines in this case to protect the health of counsel and expert witnesses, and to support efforts to stem the spread of COVID-19 in their respective communities.  As described below, the parties agree on certain requested extensions, but they disagree on how these requested extensions should impact the trial setting and the pretrial deadlines related to the trial setting.  Part I below addresses the agreed, requested extensions, and Part II sets forth the parties' differing views on how these extensions should impact the trial setting and related pretrial deadlines.

    **I.**     **Requested Extensions on Which the Parties Agree**

The current deadline for the completion of expert discovery in this case is April 3, 2020, and the current deadline for the filing of dispositive motions is April 20, 2020.  The parties have served all expert reports, but they have not yet conducted expert depositions.  The parties had

1

scheduled expert depositions for the weeks of March 23 and March 30, with three depositions to take place in Dallas, Texas, and two to take place in St. Louis, Missouri.

Since the parties scheduled these depositions, the situation presented by the COVID-19 pandemic has changed substantially. Dallas County, St. Louis County, the State of Texas, and the State of Missouri have all declared emergencies relating to the pandemic. The President has declared a national emergency. Public-health authorities like the CDC have strongly recommended limiting travel, both to reduce the health risks faced by travelers and also to contain the spread of the virus within the community more broadly. Public-health authorities have generally counseled implementing stringent efforts to limit the spread of COVID-19 for the next 6-8 weeks.

In light of these developments, the parties jointly agree that conducting expert depositions before the current April 3 deadline would not best protect the health of the counsel and experts involved in this litigation, or their respective communities to which they could spread COVID-19 if exposed in the course of travel for depositions. For these reasons, the parties jointly request the extension of the following case deadlines in an effort to avoid scheduling expert depositions during the time period when public-health authorities are recommending minimizing travel and gatherings.

| Event | Current Deadline | New Deadline |
|---|---|---|
| Close of Expert Discovery | April 3, 2020 | June 8, 2020 |
| Filing of Dispositive Motions | April 20, 2020 | June 16, 2020 |
| Deadline for Mediation | May 29, 2020 | July 31, 2020 |
| Responses to Dispositive Motions | 21 days after service of dispositive motion | No change -- 21 days after service of dispositive motion |
| Replies to Dispositive Motions | 14 days after service of response to dispositive motion | No change -- 14 days after service of response to dispositive motion |
| Hearing on Dispositive Motions | TBD | No change -- TBD |

DocID: 4821-0663-5959.3

## II.     Issues on Which the Parties Do Not Agree

Trial for this matter is currently set to begin on September 14, 2020, with a final pretrial conference on September 3, 2020.  A variety of pretrial-compliance deadlines are based on this trial setting.  The parties have conferred in good faith regarding how the extensions requested in Part I above should impact the remainder of the case schedule, but they have not been able to reach agreement.  The parties' respective positions are set forth below.

DEFENDANTS COMMANDO CONSTRUCTION, INC. AND<br>JAMES MCLEOD HOLDINGS, INC.

Defendants respectfully request that the Court extend the trial setting in this case by two months, subject to the Court's calendar, and adjust the pretrial deadlines based on the trial date accordingly.  This requested extension of the trial setting is commensurate with the jointly requested extensions described in Part I above.  Those jointly requested extensions would leave less than two months between the close of summary judgment briefing and the beginning of trial as currently scheduled.  This highly compressed schedule likely would result in the issuance of a ruling on the summary-judgment motions after the parties have already expended significant time and resources preparing for trial and in connection with pretrial compliance.  If the Court were to grant summary judgment on a case-dispositive issue, then this highly compressed schedule could result in the parties expending significant resources on trial unnecessarily.  And any ruling on the summary judgment motions—whether a denial or a grant on a non-dispositive motion—could clarify or narrow the issues for trial, potentially obviating the need to address certain issues at trial.  Such clarification would impact how the parties prepare for trial, and it could also impact whether certain third-party witnesses need to be prepared to attend trial.

These are just the foreseeable concerns raised by compressing the case schedule.  The COVID-19 pandemic has created significant uncertainty throughout society, including the legal

DocID: 4821-0663-5959.3

world. In Defendants' view, the uncertainty generated by COVID-19 further counsels against an extreme compression of the case schedule.

Based on the parties' discussions, Defendants understand that Plaintiff objects to extending the trial setting on the ground that the trial setting has been extended previously. Defendants can appreciate Plaintiff's desire to complete the trial in this case. The prior extensions of the case schedule resulted from unforeseen circumstances. In addition, Defendants believe that the considerations described above outweigh whatever interests Plaintiff has in a September trial setting. Assuming *arguendo* that Plaintiff is entitled to damages for infringement, he can obtain monetary relief compensating him for whatever additional infringement occurs as a result of the extended trial date. "It is well established that a mere delay (during which interest is earned) in receiving money is not considered irreparable injury." *New England Telephone & Telegraph Co. v. Public Utilities Comm'n*, 565 F. Supp. 949, 953 (D. Me. 1983). Defendants are unaware of any irreparable harm that Plaintiff would sustain due to a two-month extension of the trial setting in the midst of the most severe public-health emergency of our time.

<u>PLAINTIFF MURRAY WALTER PISONY</u>

As Defendants state, the parties have agreed to adjust the impending deadlines and those triggered from them in light of the urgent and ever-evolving nature of the public health issue facing the country. Because the currently scheduled pretrial and trial deadlines are not triggered from the ones the parties have agreed to extend, Plaintiff requests that the Court simply extend the dates that the parties agree now need to be extended and address any other issues that arise with the remainder of the schedule in the future. Defendants' position is largely based on speculation about dispositive motions that may or may not be filed. Defendants never state that

DocID: 4821-0663-5959.3

they even intend to file a dispositive motion or on what basis. There would also be nearly two months from the filing of replies on any dispositive motions in which to do trial preparation. If no dispositive motions are filed, then there would be no expending resources unnecessarily on issues that may be disposed of on summary judgment. If dispositive motions are filed, there is no guaranteed time frame for the resolution of such motions (other than that the Court has indicated they will be decided before trial and not carried) and both parties will need to be making trial preparations accordingly. Indeed, Plaintiff believes his Motion to Strike Defendants' Expert Invalidity Report may also change the landscape of this case, making it much simpler, in which case an extension of the trial and pretrial dates may not be necessary at all.

To be clear, Plaintiff is concerned for the wellbeing of all and is sensitive to the fact that this public-health emergency is evolving sometimes on an hourly basis and in ways the parties cannot always anticipate. At this time, however, Plaintiff wishes to preserve the trial date currently set for September 14, 2020, and the pretrial conference on September 3, 2020, subject to possible change later if circumstances require. Plaintiff respectfully submits to the Court's discretion, as Plaintiff knows the Court is likely facing challenges with scheduling and docket management in numerous cases.

WHEREFORE, the parties respectfully request that the Court grant the agreed extensions described above and for such further relief as the Court deems just and proper.

DocID: 4821-0663-5959.3

Respectfully submitted this 18th day of March, 2020.

By: */s/ John T. Wilson*
John T. Wilson
State Bar No. 24008284
Jennifer M. Rynell
State Bar No. 24033025
Leigh Caudle Whitaker
State Bar No. 24094260
WILSON LEGAL GROUP P.C.
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wilsonlegalgroup.com

*Attorneys for Plaintiff Murray Walter Pisony*

By: */s/ Michael Martinich-Sauter*
Rudolph A. Telscher, Jr.,
Missouri Bar No. 41072*
rudy.telscher@huschblackwell.com
Daisy Manning
Missouri Bar No. 62134*
daisy.manning@huschblackwell.com
Michael R. Annis
Missouri Bar No. 47374*
mike.annis@huschblackwell.com
Shannon D. Peters
Missouri Bar No. 66953*
shannon.peters@huschblackwell.com
Michael Martinich-Sauter
Missouri Bar No. 66065*
michael.martinich-sauter@huschblackwell.com
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
314-480-1500 Telephone
314-480-1505 Facsimile
*admitted *pro hac vice*

Albert A. Carrion
Texas State Bar No. 03883100
HUSCH BLACKWELL, LLP
111 Congress Avenue Suite 1400
Austin, Texas 78701-4093
512.703.5798 Telephone
512.479.1101 Facsimile
Albert.Carrion@huschblackwell.com

*Attorneys for Defendants/Counterclaim Plaintiffs Commando Construction, Inc. and James McLeod Holdings, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of March 2020, I caused the foregoing to be filed electronically with the Clerk of Court and to be served via the Notice of Electronic Filing from the Court's Electronic Filing System upon all counsel of record.

*/s/ Michael Martinich-Sauter*