IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MURRAY WALTER PISONY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civ. A. No. 6:17-cv-00055-ADA** |
| | § | |
| **COMMANDO CONSTRUCTION, INC.** | § | |
| **and JAMES MCLEOD HOLDINGS INC.,** | § | |
| *Defendants.* | § | **JURY DEMANDED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

ARGUMENT AND AUTHORITIES IN REPLY

Plaintiff Murray Walter Pisony ("Pisony" or "Plaintiff") files this Reply in Support of his Sealed Motion for Summary Judgment ("Motion").

**1.    Plaintiff is Entitled to Summary Judgment on Non-Infringement of the '629 Patent.**

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

Plaintiff asks the Court to issue summary judgment of infringement as to Defendant CCI ████

████

Defendants' only response to Plaintiff's Motion for summary judgment of infringement *as to Defendant JMH* is that ████████████████████████████████████████

████████████████████████████████████ But **Defendants**, not just CCI, stipulated that the manufacture of the Accused Machines constitutes infringement:

> Defendants stipulate that the ***manufacture***, use, sale, offer for sale, lease of the Accused Machines in the United States and/or importation of the Accused Machines into the United States satisfies, either literally or through the doctrine of equivalents, every limitation of the '629 Patent, thereby constituting infringement under 35 U.S.C. § 271(a) and/or (b) of the '629 Patent.

*See* Stipulation, Aug. 12, 2019, ECF No. 75. And JMH's ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████        *See* CCI's Fourth Am. Answers to Pl.'s First Set Interrogs., No. 2., attached as Ex. 1. Defendants cannot produce any evidence that defeats these facts, ███████████

███████████████████████████████████ ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████  Defendant JMH also stipulated that *lease* and *use* of the Accused Machines constitutes infringement under the direct and induced infringement prongs of the statute. *See* Stipulation 1. ███████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████  Summary disposition as to both Defendants is appropriate.

2.      **Plaintiff is Entitled to Summary Disposition on Defendants' On-Sale Bar Claim.**

Defendants do nothing to show that Smith performed the required "element-by-element analysis of the precise" invention for on-sale bar purposes. Defendants also have no evidence whatsoever that the physical embodiment of the '629 Patent was actually built prior to the critical

date,[1] one year before the application that led to the '629 Patent was filed. ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

The timing for on-sale bar is critical. ▮

▮

▮

▮ Based on the indisputable facts, no reasonable jury could find in favor of Defendants' on-sale bar assertion that ▮ ▮ *See* Smith Report ¶ 184 (emphasis added). Such statement is demonstrably false given the TimberPro Purchase Date. Defendants even confirm that ▮ ▮

---

[1] For reference, the '629 Patent was filed on June 7, 2005, and the critical date is June 7, 2004.



Defendants should not be permitted to pitch their baseless on-sale bar defense to the jury. Their arguments and their own expert report contradict the evidence of record, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Accordingly, no reasonable jury could find for Defendants and Plaintiff is entitled to a summary judgment on § 102(b).

3.   **Summary Judgment is Proper as Defendants Have No Evidence of Unenforceability.**

*Spot-Welded Removable Front/Back Panels as Claim 8's Alleged Adjustable Panels.* The ever-changing nature of Defendants' contentions in this case can be seen yet again through their unenforceability arguments made in their Response. It is critical to note that Defendants do not address in any way *one* of their *two* apparent unenforceability allegations that they included in supplemental interrogatory responses as recently as August 1, 2019,[2] now apparently abandoning

---

[2] ECF No. 117, Ex. 1 (CCI's Second Am. Answer to Pl.'s Interrog. No. 12, at 8, Nov. 5, 2019). Defendants even supplemented their response to Interrogatory 12 after the deposition of James McLeod, but never amended their allegation regarding allegedly "adjustable panels," which McLeod confirmed in his deposition were "definitely not adjustable." This is yet another example of Defendants' pursuit and inclusion of theories in this case with no merit.

it on the eve of trial. Specifically, Defendants' Response does not once mention the "spot-welded removable front and back panels inside the unscrambling hopper" that Defendants previously claimed were material characteristics of the 2000 CCI Machine that should have been disclosed to the USPTO. ████████████████████████████████████████████████████████████████████████████████████████████████████████, Defendants apparently abandoned this theory of unenforceability. Defendants' experts also have no opinions on the subject of allegedly adjustable panels and Defendants do not claim otherwise. Plaintiff asks the Court to grant him summary judgment, as Defendants should not be permitted to offer evidence/argument at trial that the spot-welded removable front and back panels inside the unscrambling hopper of the 2000 CCI Machine are the adjustable panels of Claim 8 of the '629 Patent for alleged unenforceability purposes.

*Hydraulic Cylinder Assembly as Claim 1's Alleged Extendible Mast.* Defendants now focus solely on the hydraulic cylinder assembly of the 2000 CCI Machine and only as to Claim 6 of the '629 Patent. And no one, least of all Plaintiff, could have anticipated the extremely tenuous and contorted arguments that would be made regarding the 2000 CCI Machine to try to invalidate the '629 Patent. Indeed, even Defendants did not know the lengths to which they would have to stretch this alleged prior art until their attempts to misconstrue the '629 Patent in claim construction failed. As shown in Plaintiff's Motion, Defendants do not dispute the following facts: Defendants have explicitly stated in their invalidity contentions that the 2000 CCI Machine is an embodiment of the '202 Patent/'046 Patent. Plaintiff agrees. *See* Motion 10. ████████████ *See* McLeod 30(b)(6) Dep. 40:25-41:12. The '202 Patent and '046 Patent were unquestionably disclosed in the prosecution of the '629 Patent. *See* Motion 9.

Intent to deceive is in no way the single most reasonable inference from ***any facts*** in this

case and no reasonable jury could make such a finding. In addition to the undisputed facts above, this is further shown by Plaintiff's technical expert who stated that no POSA would have been motivated to combine or arrange the elements of the 2000 CCI Machine and the '046 Patent with any reasonable likelihood of success or in the manner suggested by Defendants' expert to arrive at the invention of the '629 Patent. *See e.g.*, Rasty Rebuttal to Smith Ex. E, ECF No. 102-2. Further and also fatal to Defendants' assertions, Claim 1 of the '629 Patent explicitly requires that the extendible mast be included as part of the conveyor assembly: "*wherein the conveyor assembly includes* a frame, a pivotal connection for the frame to permit angular adjustment of the frame relative to the chassis, *an extendible mast connected between the frame and the chassis* …." '629 Patent col. 12 ll. 13–16, ECF No. 51-1 (emphasis added); *see, e.g.*, Rasty Rebuttal to Smith Ex. E, at 11-13, ECF No. 102-2. Defendants' strained contentions on the 2000 CCI Machine do not even allege that any extendible mast they have purported to identify is part of a conveyor assembly as required by Claim 1 (in addition to numerous other missing elements/limitations). Lastly, nothing cited from the '629 Patent prosecution history is inconsistent with Plaintiff's assertions in this case. Defendants are fully aware that the inventions of the '046 and '202 Patent embodied in the 2000 CCI Machine are intended to pick skids from the ground by being engaged to the ground and *have nothing to do with* adjusting any approach angle of a conveyor assembly relative to stacking assembly using an extendible mast. That is an example of an after-the-fact fabrication by Defendants to attempt to map prior art onto the invention of the '629 Patent after losing claim construction. It must fail. There is no way a reasonable jury could find that Plaintiff intended to deceive the USPTO by clear and convincing evidence under these facts. Plaintiff asks the Court to grant summary judgment on Defendants' counterclaim and defense of unenforceability.

4. **Defendants Have No Legitimate § 102(f) Challenge.**

[redacted]

▮▮▮▮▮▮▮▮▮▮ Defendants admit that raising a § 102(f) defense requires "a comparison of the alleged contributions of each asserted co-inventor with the subject matter of the correctly construed claim." Response 14 (citing *Gemstar-TV Guide Int'l, Inc. v. Int'l Trade Comm'n*, 383 F.3d 1352, 1382 (Fed. Cir. 2004)). And they must do so on a "claim-by-claim basis." *Gemstar*, 383 F.3d at 1381. Defendants and their experts have done no such analysis of inventorship contribution as to any of the asserted claims, much less on a claim-by-claim basis and should not be permitted to do so now. Further, the *Gemstar* case Defendants cited is very instructive as to what constitutes proper evidence of alleged co-inventorship: "To meet the burden of clear and convincing evidence, the alleged co-inventor[] must prove their contribution to the conception of the invention with more than their own testimony concerning the relevant facts." *Id*. at 1382. The Federal Circuit stated:

> Corroborating evidence may take many forms. Reliable corroboration preferably comes in the form of records made contemporaneously with the inventive process. Circumstantial evidence of an independent nature may also corroborate. Additionally, oral testimony from someone other than the alleged inventor may corroborate.

*Id*. (internal citations omitted). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In short, Defendants have not disclosed a single contention or shred of evidence of § 102(f) inventorship on a claim-by-claim basis and they have no evidence on which a reasonable jury could find that James McLeod is a co-inventor of the '629 Patent. Accordingly, Plaintiff asks the Court to grant him summary judgment on Defendants' defense as to § 102(f).

5. **Defendant JMH Has Waived Its Affirmative Defense on Personal Jurisdiction.**

On the eve of trial and only after Plaintiff moved for summary judgment on the issue, JMH claims it has preserved its defense of lack of personal jurisdiction despite never having raised the

issue since the defense was originally asserted in Defendants' Answer to Plaintiff's Second Amended Complaint and Counterclaims ("Answer") over two years ago. *See* Answer 2, 9, June 20, 2018, ECF No. 46. Not only has JMH failed to raise the defense even once since its Answer, but JMH has actively litigated the merits of this case over the last two years and continues to do so. It is a "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections." *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001); *see also United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 882 (Fed. Cir. 1997) ("A defendant may waive such affirmative defenses by actively litigating the suit, even where the defenses are properly included in the defendant's answer."). JMH joined CCI in asserting counterclaims seeking a declaratory judgment of non-infringement and unenforceability. *See* Answer 14–16. JMH has actively participated in discovery by issuing affirmative discovery requests (*see* Defs.' Req. Admis., attached as Ex. 3), issuing numerous notices of and participating in party depositions (*see* Defs.' Am. Dep. Notice to Patricia Pisony, attached as Ex. 4; Defs' Dep. Notice to Murray Pisony, attached as Ex. 5; Defs.' Dep. Notice to Skid Pro Works LP and Pisony Intern. Pipeline Equip., Inc., attached as Ex. 6), and issuing subpoenas for depositions of Plaintiff's experts (*see* Bell Subpoena, attached as Ex. 7; Rasty Subpoena, attached as Ex. 8; Jennings Subpoena, attached as Ex. 9). JMH answered interrogatories (*see* JMH's Answers to Pl.'s First Interrogs., attached as Ex. 10) and production requests (*see* JMH's Resps. to Pl.'s First Req. Produc., attached as Ex. 11) and offered witnesses for party and expert depositions (*see* McLeod 30(b)(6) Dep. (Ex. 2); Paskaruk 30(b)(6) Dep., attached as Ex. 12; Smith Dep., ECF No. 103-2; LaMotta Dep., ECF No. 103-3). Both JMH and CCI aggressively argued for their proposed claim constructions, after which the Court entered its Memorandum Opinion and Order Regarding Claims Construction ("Claim Construction Order,"

Jan. 23, 2019, ECF No. 66). Thereafter, based on the Court's Claim Construction Order and Defendants' interrogatory responses, both JMH and CCI signed the Stipulation stipulating to infringement, which the Court later approved and entered. *See* Stipulation. Both JMH and CCI designated experts to testify in this matter and have submitted expert reports. *See* Defs.' Expert Desig., ECF No. 80; Rebuttal Experts Desig., ECF No. 86. Both JMH and CCI have filed motions seeking to exclude certain testimony from Plaintiff's experts. *See* Defs.' Mot. Exclude Jennings, ECF No. 96; Defs.' Mot. Exclude Bell, ECF No. 97; Defs.' Mot. Exclude Rasty, ECF No. 102. Finally, despite extensively litigating the merits of this case over the past two-plus years, JMH has not once moved to dismiss for lack of personal jurisdiction or otherwise pursued the defense, and the time for filing dispositive motions has passed. A defendant must "exercise great diligence in challenging personal jurisdiction, venue, or service of process." *Dell Mktg., L.P. v. Incompass IT, Inc.*, 771 F. Supp. 2d 648, 654 (W.D. Tex. 2011) (internal quotation marks omitted) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2010)). JMH simply has not done so.

JMH's substantial participation in litigating the merits of this case and its complete failure to raise its personal jurisdiction defense even once over the last two years clearly demonstrates that JMH has waived it. *See Infogation Corp. v. HTC Corp.*, No. 16-CV-01902-H-JLB, 2017 WL 2869717, at *2 (S.D. Cal. July 5, 2017) (finding defendants waived any challenge to venue because they "litigated the [] action in this Court for approximately a year, including by serving invalidity contentions, . . . and participating in claim construction . . . ," and noting that implied waiver can be found "where a party has … actively pursued substantive motions.").[3] Accordingly, summary

---

[3] "[A] party may waive any jurisdictional objections if its conduct does 'not reflect a continuing objection to the power of the court to act over the defendant's person.'" *PaineWebber*, 260 F.3d at 460; *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704–05 (1982) ("The actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not."); *Toshiba Intern. Corp. v. Fritz*, 993 F.

judgment on JMH's defense of lack of personal jurisdiction should be granted in Plaintiff's favor.

**6.      No Reasonable Jury Could Find that '046 Patent Anticipates the '629 Patent.**

Plaintiff has requested summary judgment that Defendants cannot demonstrate that the '046 Patent anticipates the '629 Patent even as to one of the most important elements in the case. Defendants claim that  Response 17. However, their expert

*See* Section 3, *supra*. There is no fact issue raised by Defendants' references to their expert's opinions, which opinions Plaintiff believes are improper, previously undisclosed, and subject to being stricken in any event. "[U]nder 35 U.S.C. § 102 that there is no anticipation "unless all of the same elements are found *in exactly the same situation and united in the same way* . . . in a single prior art reference." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 894 (Fed. Cir. 1984) (emphasis added) (citing *Kalman v. Kimberly-Clark Corp.,* 713 F.2d 760, 771 (Fed. Cir. 1983)). That is simply not the case with the '046 Patent and the convoluted way in which Defendants cite it for alleged anticipation. Defendants have no evidence or expert opinions as described and summary judgment is appropriate.

## CONCLUSION

Plaintiff respectfully asks the Court to the grant summary judgment as to these issues, as no reasonable jury could find in favor of Defendants.

---

Supp. 571, 572 (S.D. Tex. 1998) ("Because the defense of personal jurisdiction is a personal right, it may be waived by consent, or the defendant may be estopped from asserting it as a defense due to actions which amount to a legal submission of jurisdiction."). "A delay in challenging personal jurisdiction by motion to dismiss has resulted in waiver, even where, as here, the defense was asserted in a timely answer." *PerdiemCo LLC v. Telular Corp.*, 216CV01408JRGRSP, 2017 WL 10238803, at *2 (E.D. Tex. Oct. 23, 2017) (internal quotation marks omitted).

DATED:  July 21, 2020               Respectfully submitted,

**WILSON LEGAL GROUP P.C.**

By: */s/ John T. Wilson*
John T. Wilson
State Bar No. 24008284
Jennifer M. Rynell
State Bar No. 24033025
Leigh Caudle Whitaker
State Bar No. 24094260
16610 Dallas Parkway, Suite 1000
Dallas, Texas 75248
(T) 972.248.8080
(F) 972.248.8088
(E) eservice@wilsonlegalgroup.com

**Attorneys for Plaintiff Murray Walter Pisony**

## CERTIFICATE OF SERVICE

On July 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ John T. Wilson*
John T. Wilson