IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MURRAY WALTER PISONY,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION 6:17-cv-00055-ADA |
| § | | |
| **COMMANDO CONSTRUCTIONS,** § | | |
| **INC. AND JAMES MCLEOD** § | | |
| **HOLDINGS INC.,** § | | |
| *Defendants*. § | | |

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

Before the Court is the Motion of Plaintiff Murray Walter Pisony to strike an expert invalidity report for failure to sufficiently disclose invalidity theories. ECF No. 81. Plaintiff filed the motion on February 7, 2020. Defendants Commando Constructions, Inc. ("CCI") and James McLeod Holdings Inc. ("JMH") filed its opposition to the motion on February 21, 2020. ECF No. 85. Plaintiff filed a reply on March 6, 2020. ECF No. 88. After careful consideration of the above briefing, the Court **DENIES** Plaintiff's motion to strike.

### I.   Factual Background and Procedural History

Plaintiff filed suit alleging infringement of United States Patent No. 7,591,629 ("the '629 Patent"). Second Am. Compl. ¶¶ 17, 25, ECF No. 43. The '629 Patent details "[a]n apparatus for picking up, stacking and bundling lumber," which references Canadian Patent Application No. 2,315,046 ("the '046 Patent") as prior art. *Id.* at ¶¶ 6–9; '629 Patent Ex. 2, 2:2–3, ECF No. 43. Plaintiff alleges CCI infringed by having "manufactured, used, distributed, sold, and/or offered for sale in the United States" infringing machines. *Id.* at ¶ 16. Whereas, JMH is alleged to have "at least manufactured, and possibly used, distributed, sold, and/or offered for sale in the United States" infringing machines. *Id.* at ¶ 24. Defendants claim the '629 Patent is invalid as

anticipated by the '046 Patent, to which the Plaintiff and Defendants are joint inventors. Defs.' Opp'n to Pl.'s Mot. at 1, ECF No. 85. Further, Defendants identify eleven prior-art combinations in the invalidity contentions that render the '629 Patent obvious. *Id.*

Defendants served Plaintiff with the invalidity expert report prepared by David Smith (hereinafter, "the Smith Report", ECF No. 81-8). *Id.* at 3. The Smith Report concluded that the '046 Patent anticipated the '629 Patent and that the '629 Patent was obvious when considering eight of the eleven prior-art combinations alleged in the invalidity contentions. *Id.* The prior art is identified as U.S. Patent Nos. 6,152,026 ("the '026 Patent"), 3,315,795 ("the '795 Patent"), 3,889,796 ("the '796 Patent"), 4,290,820 ("the '820 Patent"), 5,934,861 ("the '861 Patent"), 5,745,947 ("the '947 Patent"), 3,651,963 ("the '963 Patent"), and an embodiment of the '046 Patent identified as the 2000 Skid Hustler Machine (hereinafter, "the 2000 Machine"). The Smith Report ¶¶ 67, 70–71, 75–78, ECF No. 81-8; Defs.' Opp'n at 6 n.4, ECF No. 85. Plaintiff moves for the Court to strike the Smith Report for alleging new infringement theories not present in the invalidity contentions. Pl.'s Mot. at 1, ECF No. 81.

## II. Legal Standard

In patent litigation, "expert infringement reports may not introduce theories not previously set forth in infringement contentions." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014). The "requirements for invalidity contentions closely parallel those of infringement contentions," as the purposes of each "are fundamentally the same." *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-CV-911, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016). Consequently, expert invalidity reports may not introduce new theories nor previously set forth in the invalidity contentions. *See ROY-G-BIV Corp.*, 63 F. Supp. 3d at 699. However, invalidity contentions "need not disclose 'specific evidence nor do they require a

[defendant] to prove its [invalidity] case.'" *Fenner Invs., Ltd. v. Hewlett-Packard Co.*, No. 6:08-CV-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010) (quoting *EON Corp. IP Holdings, LLC v. Sensus USA Inc.,* No. 6:09–cv–116, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010)). Instead, "[t]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses." *Realtime Data, LLC v. T-Mobile, U.S.A., Inc.*, No. 6:10CV493, 2013 WL 12149180, at *3 (E.D. Tex. Feb. 8, 2013). Ultimately, "[t]he critical question in deciding whether to strike portions of an expert report . . . is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether." *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016).

In examining if new theories should be permitted, the court may assess the theories "as [either] a late amendment to a pleading or some other discovery violation, [as] the factors relevant to permitting the amendment or excluding the evidence are substantively identical." *Biscotti Inc. v. Microsoft Corp.*, No. 213CV01015, 2017 WL 2267283, at *2 (E.D. Tex. May 24, 2017). Namely, the Fifth Circuit directs courts to "consider four factors when determining whether to exclude expert evidence as a sanction for the violation of a scheduling order." *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020). Those factors are: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *In re C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016)).

### III.   Analysis

The critical question before the Court is whether the Smith Report has merely specified the application of the disclosed theories contained within the invalidity contentions or impermissibly substituted new theories. *Mobile Telecomms. Techs., LLC*, 2016 WL 2907735, at *1. Specifically, Plaintiff has alleged that the Smith Report has substituted new invalidity theories as to what may constitute an extendible mast and identified a chassis in the prior art, which was not identified in the invalidity contentions. Pl.'s Mot. at 1, 9, ECF No. 81. As "[t]he purpose of invalidity contentions is to provide notice while discovery is intended to develop details so that legal theories become more concrete as the litigation progresses," the Court will only strike portions of the Smith Report of which Plaintiff did not have notice. *Realtime Data, LLC*, 2013 WL 12149180, at *3. The Court finds that prejudice occurs when the Plaintiff is "forced to respond to [a] new combination of prior art" not found within the invalidity contentions. *Cummins-Allison Corp.*, 2009 WL 763926, at *6. Consequently, when the combination of prior art is disclosed in the invalidity contentions, it is sufficient to place the Plaintiff on proper notice.

**A.  Extendible Mast**

Plaintiff alleges that Defendants have "laid behind the log for nearly a year" after having "never sought to amend their Invalidity Contentions," before proffering new theories and identifying new specific elements in the alleged prior art in the Smith Report. *Id.* at 1. The Court disagrees. Plaintiff alleges five inconsistencies between the invalidity contentions and the Smith Report regarding extendible masts. *Id.* at 6–9.

### 1. The '963 Patent

Examining the '963 Patent, Plaintiff alleges that the invalidity contentions cite a paragraph "containing no less than [sixty-five] numbered components, none of which were identified as an extendible mast." *Id.* at 7 (emphasis in original omitted) (internal quotation marks omitted). However, when comparing the limitation of an extendible mast to the prior art, the invalidity contentions note that component 64 is "a power operated elevating mechanism." Defs.' Invalidity Contentions Ex. A, at 106, ECF No. 81-2. The invalidity contentions also identify other structural components and a motor, which can cause the "raising and lowering of the . . . conveyor frame." *Id.*

The Smith Report identifies component 64 of the '963 Patent as a "structure for raising and lowering." The Smith Report ¶ 78, ECF No. 81-8. Further, the Smith Report examines the same figure, the same cited lines from the '963 Patent and the same components to come to the conclusion that "[t]here are numerous structural support members in the ['963 Patent] capable of raising and lowering a conveyor. Any of these could have been combined by a POSITA to yield predictable results." The Smith Report Ex. G, at 122, ECF No. 81-8. Considering the Court construed extendible mast to mean "a structural support member capable of raising and lowering," the Court finds no material difference in what is identified as an extendible mast between the Smith Report and the invalidity contentions. Ct. Mem. Opinion and Order at 6, ECF No. 66.

Therefore, the Court finds that Plaintiff was on notice that Defendants intended to use the hydraulic pumps identified in the prior art to satisfy the element of an extendible mast. Further, the invalidity contentions made the Plaintiff aware of the combination of prior art used in the Smith Report. The Smith Report merely pointing at these elements as the "structure for raising

5

and lowering" is not a new contention. It is not for this Court to decide whether the components identified in the Smith Report satisfy the element, but rather if the expert report has impermissibly substituted a new theory. *See Mobile Telecomms. Techs., LLC*, 2016 WL 2907735 at *1. Therefore, there has been no new invalidity theory presented as to the '963 Patent.

### 2. The '795 and '796 Patents

Further, Plaintiff alleges the Smith Report identifies an extendible mast in the '795 and '796 Patents for the first time. Pl.'s Mot. at 8, ECF No. 81. The Smith report identifies components 140 and 18 in the '795 and '796 Patents respectively as "[s]tructures for raising and lowering." The Smith Report Exs. H, K, at 133, 175, ECF No. 81-8. The invalidity contentions identify component 140 of the '795 Patent as "pair of hydraulic cylinders," which are "adapted to tilt conveyor frame upwardly." Defs.' Invalidity Contentions Ex. A, at 133, ECF No. 81-2. Similarly, component 18 from the '796 Patent is identified as a "double acting hydraulic cylinder," which "maintain[s] a prescribed distance between the conveyor discharge end [of the boom] and the upper surface of the pile of material on the truck bed." *Id.* at 220. The Court finds that component 18 of the '796 Patent could not maintain a prescribed distance between two changing reference points if it were unable to raise and lower. Therefore, while the invalidity contentions are less precise than the expert report, the Court finds that the role of the components identified in the expert report was sufficiently described in the invalidity contentions to put Plaintiff on notice of Defendants' contentions.

### 3. The '861 Patent

Additionally, Plaintiff alleges the Smith Report identifies an extendible mast in the '861 Patent which was not identified in the invalidity contentions. Pl.'s Mot. at 8, ECF No. 81. The Smith Report identifies component 30 of Figure 1 of the '861 Patent as an "extendable [sic]

6

mast." The Smith Report Ex. F, at 107, ECF 81-8. The invalidity contentions identify this same component as a "hydraulic drive cylinder" that allows for "vertical movement" of "the conveyor table for movement of the forward end vertically up and down." Defs.' Invalidity Contentions Ex. A, at 105, ECF No. 81-2. Given the Court's construction that an extendible mast is "a structural support member capable of raising and lowering," the Court finds the Smith Report did not offer a new invalidity theory by naming a component identified to cause the vertical movement up and down as an extendible mast. Ct. Mem. Opinion and Order at 6, ECF No. 66. The Court further finds that Plaintiff had sufficient notice of the relied upon combination of prior art in the Smith Report.

### 4. The 2000 Machine

Finally, Plaintiff alleges that the Smith Report identifies five extendible masts in the 2000 machine, which were identified as separate elements in the invalidity contentions. Pl.'s Mot. at 6, ECF No. 81. Moreover, Plaintiff alleges that Defendants' use of never-before-produced pictures required timely amendment of the invalidity contentions. *Id.* at 7. Defendants argue that Plaintiff's "characterization is not accurate" as the invalidity contentions "identified a specific multi-part component of the 2000 Machine as the extendible mast." Defs.' Opp'n at 6, ECF No. 85 (internal quotation marks omitted).

The invalidity contentions contain an assertion that the 2000 Machine "includes an extendible mast connected between the frame and the chassis to drive the frame about a pivotal connection." Defs.' Invalidity Contentions Ex. A, at 80–81, ECF No. 81-2. The Smith Report does use a different picture to identify the extendible mast of the 2000 Machine than the one used in the invalidity contentions. *Compare* Defs.' Invalidity Contentions Ex. A, at 81, ECF No. 81-2, *with* The Smith Report Ex. E, at 96, ECF No. 81-8. However, the Smith Report concludes

that the 2000 Machine "teaches a structural support member capable of raising and lowering, connected between the frame and the chassis to drive the frame about the pivotal connection." *Id*. The Court finds this not to be a new contention as the 2000 Machine was initially alleged to "include[] an extendible mast connected between the frame and the chassis to drive the frame about a pivotal connection." Defs.' Invalidity Contentions Ex. A, at 80–81, ECF No. 81-2.

The Court further finds that using one picture with the allegation that the 2000 Machine contains a telescopic hydraulic cylinder is not a different theory than the use of a different picture coupled with the conclusion that the 2000 Machine contains a structural member capable of raising and lowering. Invalidity contentions do not need to disclose specific evidence as the invalidity contentions "are not meant to provide a forum for litigation of the substantive issues; they are merely designed to streamline the discovery process." *See Linex Techs., Inc. v. Belkin Intern., Inc.*, 628 F. Supp. 2d 703, 713 (E.D. Tex. 2008) (quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004)); *Fenner Invs., Ltd.*, 2010 WL 786606, at *2. Therefore, the specific evidence Smith relied upon in his report was not required to be within the invalidity contentions. Moreover, expert reports may contain information not found within the invalidity contentions without changing the disclosed theories of invalidity. *See Digital Reg of Tex., LLC v. Adobe Sys. Inc.*, No. CV 12-01971, 2014 WL 1653131, at *5 (N.D. Cal. Apr. 24, 2014). Plaintiff was on notice that Defendants intended to contend that the 2000 Machine contained an extendible mast from the initial invalidity contentions, regardless of if more specific evidence was introduced at a later point.

### B. Chassis

Plaintiff argues that due to the Court's Scheduling Order, the invalidity contentions were required to identify "where in each item of prior art each limitation of each asserted claim is

found." Pl.'s Mot. at 3, ECF No. 81 (quoting Ct. Scheduling Order ¶ 4, ECF No. 32). Plaintiff contends that the Smith Report identifies limitations 1[a] and 1[c] of "a chassis" or "supported on the chassis" in five prior art patents were not in the original invalidity contentions. Pl.'s Mot. at 9, ECF No. 81. Specifically, Plaintiff claims that the Smith Report "identif[ies] where these elements [of chassis] are allegedly present in [the '795 Patent, the '796 Patent, the '820 Patent, the '947 Patent, and the '963 Patent], where no disclosures were made previously." *Id.* The Court does not agree with such a broad assertion. Defendants do not even address the argument of whether the limitation of chassis is sufficiently disclosed in the invalidity contentions. *See generally* Defs.' Opp'n, ECF No. 85.

The invalidity contentions cite the '963 Patent as prior art for the limitation of "a pivotal connection for the frame to permit angular adjustment of the frame relative to the chassis." Defs.' Invalidity Contentions Ex. A, at 100–01, ECF No. 81-2. The invalidity contentions identify component 30 of the '963 Patent as the floor of the loading vehicle.[1] *Id.* at 103. The Smith Report identifies component 30 as the chassis in the '963 Patent. The Smith Report Ex. G, at 117, ECF No. 81-8. The Court did not construe the word chassis, but the dictionary definition is " the supporting frame of a structure[,] such as an automobile."[2] Given that a chassis is the supporting frame of a vehicle, the Court finds that designating the floor of the loading vehicle as a chassis is not a new invalidity theory.

Moreover, the combination of the '046 Patent and the '963 Patent were disclosed in the invalidity contentions as evidence of the obviousness of the '629 Patent. Defs.' Invalidity Contentions Ex. A, at 94, ECF No. 81-2. However, Plaintiff correctly identifies that the Smith

---

[1]The invalidity contentions identify component 30 as the floor of the body of component 14. Component 14 is defined as the loading vehicle per the '963 Patent, Fig. 1

[2]*Chassis*, Merriam-Webster Dictionary, (Jul. 17, 2020, 2:33 PM), https://www.merriam-webster.com/dictionary/chassis.

9

Report references both the '963 Patent and the '795 Patent as support for the limitation of "conveyor assembly supported on the chassis" when the invalidity intention only relied on the '046 Patent. The Smith Report Ex. G, at 120, ECF No. 81-8; The Smith Report Ex. H, at 132, ECF No. 81-8; Defs.' Invalidity Contentions Ex. D, at 95–97, ECF No. 81-2; Defs.' Invalidity Contentions Ex. E, at 121–123, ECF No. 81-2.

A plaintiff suffers prejudice when the Plaintiff is "forced to respond to [a] new combination of prior art" not found within the invalidity contentions. *Cummins-Allison Corp.*, 2009 WL 763926, at *6. Consequently, when the combination of prior art is disclosed in the invalidity contentions, it is sufficient to place the Plaintiff on proper notice. Therefore, the Court finds sufficient notice for the use of the '795 Patent, the '796 Patent, the '820 Patent, and the '947 Patent as the combination of each prior art with the '046 Patent was disclosed in the invalidity contentions. Defs.' Invalidity Contentions, at 128, 170, 184, 199, ECF No. 81-2. Therefore, the Court will not strike any portion of the Smith Report for impermissibly relying on undisclosed combinations of prior art for any claim.

### C. Notice to Plaintiff

Ultimately, this dispute is more accurately characterized as a dispute about the merits of Defendants' invalidity theory rather than a dispute about whether Plaintiff had notice of the theory. *Fenner Invs., Ltd.*, 2010 WL 786606 at *4. Plaintiff disagrees with Defendants' invalidity analysis, and "by virtue of their disagreement contend they had no notice of the scope of [Defendants'] theory." *Id.* "This is not a dispute that the Court should resolve when determining the sufficiency of [invalidity] contentions or expert reports. Rather, the parties will need to put their respective positions and argue the merits of their cases at the summary judgment stage and at trial." *Id.* Consequently, the Court finds it unnecessary to use any "amount of money,

extensions, or even a time machine [to] solve the problems" set forth before the Court. Pl.'s Reply at 5, ECF No. 88.

## IV.     Conclusion

Having found that Defendants have not offered any new invalidity theories in the expert report, the Court holds that there is no just reason for granting a motion to strike on those grounds. However, the expert invalidity report did use prior art combinations not previously disclosed in the invalidity contentions. It is therefore **ORDERED** that Plaintiff's Motion is **DENIED**.

**SIGNED** this 24th day of August, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE