IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MURRAY WALTER PISONY,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION 6:17-cv-00055-ADA |
| § | | |
| **COMMANDO CONSTRUCTIONS,** § | | |
| **INC. AND JAMES MCLEOD** § | | |
| **HOLDINGS INC.,** § | | |
| *Defendants*. § | | |

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

The Court issued an order denying Plaintiff Murray Walter Pisony's motion to strike an expert invalidity report for failure to sufficiently disclose invalidity theories. ECF No. 144. Plaintiff filed a motion for reconsideration. ECF No. 145. After careful consideration of the above briefing, again, the Court **DENIES** Plaintiff's motion for the reasons described herein.

### I.     Factual Background and Procedural History

Plaintiff filed suit alleging infringement of U.S. Patent No. 7,591,629 ("the '629 Patent"). Second Am. Compl. ¶¶ 17, 25, ECF No. 43. Defendants served Plaintiff with the invalidity expert report prepared by David Smith (hereinafter, "the Smith Report", ECF No. 81-8). *Id.* at 3. Plaintiff moved for the Court to strike the Smith Report for alleging new theories not present in the invalidity contentions. Pl.'s Mot. to Strike at 1, ECF No. 81. The Court denied this motion. Ct. Order, ECF. No. 144.  Plaintiff now moves for this Court to reconsider its denial of its motion to strike the Smith Report due to the "clear errors of fact and law in the Order." Pl.'s Mot. to Recons. at 1, ECF No. 145.

## II.     Legal Standard

The procedural law of the regional circuit governs a district court's grant of a motion of a purely procedural question not pertaining to patent law. *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1323 (Fed. Cir. 2017); *Merck & Co., Inc. v. Hi-Tech Pharmacal Co., Inc.*, 482 F.3d 1317 (Fed. Cir. 2007). "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision . . . [that] does not end the action.'"*Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (alterations in original) (quoting Fed. R. Civ. P. 54(b)).[1]

## III.    Analysis

Plaintiff is correct that the Court's order contained an error, but the error was typographical and not factual. More specifically, the Court's order stated that "Plaintiff was on notice that Defendants intended to use the hydraulic pumps identified in the prior art" combined with U.S. Patent No. 3,651,963 ("the '963 Patent"). Ct. Order at 5, ECF No. 144. Plaintiff is correct that the term hydraulic pump was incorrectly used in connection with the '963 Patent. However, the mistake was immaterial as the order used the correct terms for the '963 Patent in its analysis in the two paragraphs preceding the typographical mistake. *See id.* (identifying a component in the invalidity contentions and the Smith Report as both "a power operated elevating mechanism" and a "structure for raising and lowering"). The Court will therefore amend the previous Order under Rule 54 to correct this mistake.

Further, Plaintiff continues to exhort the Court to strike the Smith Report due to the "factual findings (and/or lack thereof in the Order)." Pl.'s Mot. to Recons. at 7, ECF No. 145. In

---

[1] Plaintiff asks for reconsideration under Rule 59(e). Pl.'s Mot. to Recons. at 1–2, ECF No. 145. The Fifth Circuit has held that a District Court has abused its discretion when it decides a non-final order under Rule 59(e) instead of Rule 54(b). *See Kroger Tex., L.P.*, 864 F.3d at 336. The Court finds this noteworthy in a motion claiming that clear errors of law exist in the Court's order.

essence, Plaintiff requests reconsideration as the Order "disregards the credible and **only** evidence in the record and the Order in no way indicates that this critical evidence was considered." *Id.* However, the Court reiterates that "[i]t is not for this Court to decide whether the components identified in the Smith Report satisfy the element, but rather if the expert report has impermissibly substituted a new theory." Ct. Order at 6, ECF No. 144 (citing *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016)). "Proper infringement contentions provide notice of the accusing party's specific theories of infringement." *Mobile Telecomms. Techs., LLC*, 2016 WL 2907735, at *1. There is a lack of notice when the Plaintiff is "forced to respond to [a] new combination of prior art" not found within the invalidity contentions." *Cummins-Allison Corp. v. SBM Co., Ltd.*, No. 9:07-CV-196, 2009 WL 763926, at *6 (E.D. Tex. Mar. 19, 2009). Here, however, "Plaintiff never alleged that there were new prior art *combinations* introduced in the Expert Invalidity Report." Pl.'s Mot. to Recons. at 1, ECF No. 145. Therefore the Court sees no reason to grant the Plaintiff's motion.

### IV.   Conclusion

The Court holds that it need not reconsider its order, though the order will be amended per Rule 54(b). It is therefore **ORDERED** that Plaintiff's Motion to Reconsider and all other requested relief is **DENIED**.

SIGNED this 10th day of November, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE